JOHN L. BURRIS ESQ., SBN 69888
BENJAMIN NISENBAUM, ESQ., SBN 222173
JAMES COOK, ESQ., SBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@hotmail.com
james.cook@johnburrislaw.com

Attorneys for Plaintiff,
MICHAEL DAVID KENNEDY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID KENNEDY,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SOLANO, a municipal corporation; CITY OF VALLEJO, a municipal corporation; R. FIELDS, individually and in his capacity as Sheriff's Deputy for the COUNTY OF SOLANO SHERIFF'S DEPARTMENT; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. On February 25, 2017, Plaintiff, CITY OF VALLEJO officers unlawfully arrested MICHAEL DAVID KENNEDY for filming them. Officers transported KENNEDY to a holding cell

at the COUNTY OF SOLANO jail. COUNTY OF SOLANO Sheriff's deputies then assaulted KENNEDY.

2.     This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, under California Civil Code Section § 52.1, and under the common law of California. This action is against the CITY OF VALLEJO, the COUNTY OF SOLANO, R. FIELDS, and DOES 1-50.

## JURISDICTION

3.     This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein took place in the County of Solano California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

## PARTIES

4.     Plaintiff MICHAEL DAVID KENNEDY ("PLAINTIFF" or "KENNEDY") has been and is a resident of California and a United States Citizen.

5.     Defendant COUNTY OF SOLANO (hereinafter "COUNTY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Solano County Sheriff's Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant County was the employer of DOES Defendants.

6.     Defendant CITY OF VALLEJO (hereinafter "CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the City of Vallejo Police

Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of DOES Defendants.

7. Defendant R. FIELDS (hereinafter "FIELDS"), was a Sheriff's deputy for the COUNTY OF SOLANO and is sued individually and in his official capacity.

8. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff filed an administrative claim with the County on September 26, 2019. The Plaintiff has exhausted all administrative remedies pursuant to California Government Code § 910.

## FACTUAL ALLEGATIONS

10. The incident took place on February 25, 2017 at 500 Tennessee Street, Vallejo CA 94590. KENNEDY witnessed CITY officers conducting an arrest. KENNEDY began filming the CITY officers. KENNEDY did not interfere with the officers. However, the officers ordered KENNEDY to refrain from recording them. KENNEDY refused to stop recording the officers. CITY officers then tackled KENNEDY. Officers arrested KENNEDY and transported him to the COUNTY OF SOLANO jail at 500 Union Ave, Fairfield, CA 94533.

11. On February 26, 2017, at 1:30 a.m., COUNTY Sheriff's Deputy FIELDS performed a strip search on KENNEDY. After the strip search, KENNEDY asked FIELDS for a blanket. FIELDS responded by saying "fuck your blanket." KENNEDY reached for a blanket. FIELDS then grabbed KENNEDY by his throat and pinned him against the glass barrier. FIELDS punched KENNEDY in the face. Then, another COUNTY Sheriff's Deputy kneed KENNEDY in his kidney.

FIELDS performed a leg-sweep on KENNEDY. The leg sweep caused KENNEDY to fall face-first onto the floor. Due to the impact, KENNEDY'S artificial teeth became dislodged. FIELDS responded by saying, "I knew that mother-fucker would come out." FIELDS then pulled KENNEDY'S arm behind his back. This action fractured KENENDY'S elbow.

12. Jail staff transported KENNEDY to North Bay Medical Center, 1200 B. Gale Wilson Boulevard, Fairfield, CA 94533. Dr. Teresa Bonzani diagnosed KENNEDY with a fractured elbow and a concussion. As a result of the incident, KENNEDY suffered a fractured elbow, concussion, black eye and lacerated lip.

13. On February 27, 2017, Mr. Kennedy was scheduled to begin a new, higher-paying job. However, Claimant was unable to begin the new job due to the injuries he suffered as a result of the incident. Mr. Kennedy is still undergoing rehabilitation for sharp pains and limited range of motion in his arm.

**FIRST CAUSE OF ACTION**
**(Violation of the Fourth Amendment of the United States Constitution- Unlawful Detention)**
**(42 U.S.C. § 1983)**
**(Against Defendants COUNTY, CITY, FIELDS, and DOES 1-50)**

14. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 13 of this Complaint.

15. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures. KENNEDY lawfully recorded CITY officers performing an arrest. The CITY officers demanded KENNEDY stop filming. KENNEDY refused. In response the CITY officers detained and arrested KENNEDY. However, the officers lacked the requisite reasonable suspicion to detain KENNEDY. Officers also lacked probable cause to arrest KENNEDY.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Violation of the Fourth Amendment of the United States Constitution- Unlawful Seizure)**
**(42 U.S.C. § 1983)**
**(Against Defendants COUNTY, CITY, FIELDS, and DOES 1-50)**

16. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15 of this Complaint.

17. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures. Defendants lacked the requisite probable cause to arrest Plaintiff Kennedy. KENNEDY was legally filming the officers' official conduct. KENNEDY did not engage in any conduct in which there would be probable cause to suspect him of committing any crime. CITY Officers unlawfully arrested Kennedy. COUNTY Sheriff's Deputies continued to detain KENNEDY.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Violation of the Fourth Amendment of the United States Constitution- Excessive Force)**
**(42 U.S.C. § 1983)**
**(Against defendants FIELDS, and DOES 1-50)**

18. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17 of this Complaint.

19. Defendants' above-described conduct constituted violations of KENNEDY'S rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him. Defendant officers and deputies knew, or should have known, how to use proper force. The state of California requires officers and deputies to learn about excessive force. POST Learning Domain 20 states "in all cases the use of force must be reasonable compared to the threat."

20. CITY officers used excessive force on KENNEDY while arresting him. CITY officers did not have reasonable suspicion that KENNEDY committed a crime. KENNEDY merely

used his phone to record the officers. However, in response, CITY officers tackled KENNEDY. CITY officers' actions were unreasonable compared to the threat.

21.　　At the COUNTY Jail, KENNEDY asked FIELDS for a blanket. FIELDS responded by saying "fuck your blanket." Mr. Kennedy then reached for a blanket. In response, FIELDS grabbed KENNEDY by his throat and pinned him against the glass barrier. FIELDS then punched KENNEDY in his face. Another COUNTY deputy kneed KENNEDY in his kidney. FIELDS performed a leg-sweep on Mr. Kennedy. FIELDS then pulled KENNEDY'S arm behind his back. This action fractured KENNEDY'S elbow. COUNTY deputies' actions were unreasonable compared to the threat.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Violation of the First Amendment of the United States Constitution)**
**(42 U.S.C. § 1983)**
**(Against Defendants COUNTY, CITY, FIELDS, and DOES 1-50)**

22.　　Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of this Complaint.

23.　　Defendants' above-described conduct constituted acts under color of state law, and without due process of law, which deprived KENNEDY of his right to freedom of speech. On February 25, 2017, KENNEDY filmed CITY officers. KENNEDY filmed the officers from a safe distance. KENNEDY did not interfere with the officers. However, CITY officers demanded that KENNEDY stop filming. KENNEDY refused to stop filming. In response, CITY officers tackled KENNEDY. CITY officers then arrested KENNEDY.  Defendants deprived KENNEDY of his rights by use of unreasonable, unjustified force in an attempt to prevent him from recording an arrest.

24.　　COUNTY deputies then continued to retaliate against KENNEDY as a result of KENNEDY filming CITY police. COUNTY deputies detained KENNEDY. Then, COUNTY deputies, including FIELDS, used excessive and unreasonable force on KENNEDY.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### (*Monell* - 42 U.S.C. § 1983)
### (Against Defendants COUNTY, CITY, and DOES 1-50)

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 of this Complaint.

26. CITY and COUNTY officials failed to train officers their officers and deputies to use force that is reasonable compared to the threat. Plaintiff is informed and believes and thereon alleges that high-ranking COUNTY and CITY officials, including high-ranking supervisors and DOES 1-50, and/or each of them, knew and/or reasonably should have known about the repeated acts of unconstitutional use of force by CITY officers and COUNTY Sheriff's deputies. CITY officers and COUNTY deputies are required to learn about proper use of force. The proper use of force is outlined in POST Learning Domain 20.

27. The CITY OF VALLEJO has a pattern of CITY officers using excessive force and making unlawful arrests on the African-American community. For example, In January, 2019, Adrian Burrell, a black Marine veteran, filmed a traffic stop from his front porch. CITY Officer David McLaughlin ordered him to stop filming. Burrell refused. In response, McLaughlin slammed Burrell into a wall and swung him into a pole. This caused Burrell to sustain a concussion. Then, in April 2019, CITY officers pulled over Deyana Jenkins without reasonable suspicion. CITY officers tasered Jenkins then arrested her for resisting arrest. However, the DA did not file charges against Jenkins. In February 2019, CITY officers shot and killed Willie McCoy as McCoy slept in his car. In October 2018, CITY officers pulled over Demon Thurston, who is black. Officers then violently dragged Thurston out of her car and arrested her for resisting arrest. Again, the DA declined to file charges against Thurston. In February 2018, CITY officer, Ryan McMahon, shot and killed Ronell Foster. McMahon's actions were excessive compared to the threat that Foster posed. Foster was unarmed. This pattern of misconduct by CITY officers should have been enough to alert high

ranking officials of deficiencies in CITY policy or training regarding excessive force and unlawful arrests against the African American community.

28. Despite having such notice, KENNEDY is informed and believes and thereon alleges CITY officials, and DOES 1-50, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing patterns of officers using excessive force and making unlawful arrests. These continued patterns of abuse caused CITY officers to use excessive force on KENNEDY and to arrest KENNEDY without probable cause. The facts surrounding KENNEDY'S arrest are factually similar to the facts surrounding the above cited cases. Specifically, CITY officers profiled KENNEDY, who is African American, due to the color of his skin. CITY officers used intimidation in attempt to deprive KENNEDY of his right to film them. CITY officers then used excessive force to unlawfully arrest KENNEDY.

29. The COUNTY OF SOLANO had notice that defects existed in the training and performance of Sheriff's deputies regarding the use of force. For example, in November 2017, COUNTY deputy Peirce arrested Abdulhadi Awad. Mr. Awad did not resist. However, Peirce then did a leg sweep on Awad. Peirce proceeded to punch Awad in the face multiple time. This is factually similar to the excessive force used by COUNTY Deputy FIELDS against KENNEDY.

30. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY and COUNTY officials, including high ranking CITY and COUNTY supervisors, and DOES 26-50, and each of them resulted in the deprivation of KENNEDY'S constitutional rights. KENNEDY sustained injuries and distress due to the excessive force and unlawful arrest.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(Violation of the Fourteenth Amendment of the United States Constitution)**
**(Deliberate Indifference, 42 U.S.C. § 1983)**
**(Against All Defendants)**

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 of this Complaint.

32. KENNEDY was a pretrial detainee who had not been convicted of any crime. KENNEDY had a due process right to be free from the acts of entity defendants that would cause him serious injury. Farmer v. Brennan, 511 U.S. 825, 833 (1994), generally established that prison officials have a duty to protect prisoners. This is so because corrections officers have "stripped [the inmates] of virtually every means of self-protection and foreclosed their access to outside aid." City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983).

33. CITY officers and COUNTY deputies were deliberately indifferent to KENNEDY'S safety. CITY officers tackled KENNEDY even though he did not pose a threat to them. COUNTY deputies choked, punched and tackled KENNEDY. FIELDS twisted and broke KENNEDY'S arm.

34. By the actions described above, Defendants violated 42 U.S.C. § 1983, by depriving KENNEDY of his clearly established and well-settled constitutional rights protected by the Fourteenth Amendments to the United States Constitution: The right to be free from deliberate indifference to Plaintiff's well-being while in custody as secured by the Fourteenth Amendment.

35. Defendants subjected KENNEDY to their wrongful conduct, depriving KENNEDY of rights described herein.

36. As a direct and proximate result of Defendants' acts as set forth above, Plaintiffs sustained injuries and damages as set forth herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Violation of California Civil Code § 52.1)**
**(Against Defendants FIELDS and DOES 1-50)**

37. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 of this Complaint.

38. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion with KENNEDY'S peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code § 52.1.

39. On February 25, 2017, KENNEDY filmed CITY officer from a safe distance. KENNEDY did not interfere with the officers. CITY officers asked KENNEDY to stop filming. KENNEDY refused to stop filming. CITY officers intimidated KENNEDY and coerced him to stop filming. Officers coerced KENNEDY by physically detaining and arresting him.

40. On February 26, 2017, COUNTY Deputy FIELDS forced KENNEDY to take his clothes off during a strip search. After the search, KENNEDY asked FIELDS for a blanket to cover up and keep warm. FIELDS responded with intimidation, saying "fuck your blanket." KENNEDY then attempted to pick up a blanket. FIELDS responded with coercion by using excessive and unreasonable force. FIELDS grabbed KENNEDY by his neck. Another COUNTY deputy then kneed KENNEDY in his side. FIELDS did a leg sweep on KENNEDY, pushing him to the ground. FIELDS then twisted KENNEDY'S arm behind his back. This caused KENNEDY'S elbow to fracture. COUNTY deputies above described action amount to coercion.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
(Negligence)
(Against Defendants COUNTY, CITY, FIELDS, and DOES1-50)

41. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 40 of this Complaint.

42. The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, FIELDS and DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person.

43. At all times mentioned herein, FIELDS and COUNTY DOES 1-50 were acting within the course and scope of their employment and/or agency with Defendant COUNTY. As such, Defendant COUNTY is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants FIELDS and DOES 1-50 pursuant to section 815.2 of the California Government Code. Similarly, CITY officers, and DOES 1-50, were acting within the course and

scope of their employment and/or agency with Defendant CITYs. As such, Defendant CITY is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants FIELDS and DOES 1-50.

44. At all times, each Defendants owed KENNEDY a duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

45. Defendants disregarded their duty to KENNEDY by use of unreasonable, unjustified force and unlawful detainment and arrest. CITY officers used excessive and unreasonable force to unlawfully detain KENNEDY. On February 25, 2017, KENNEDY filmed CITY officers. In response, officers tackled KENNEDY. CITY officer subsequently arrested KENNEDY.

46. COUNTY deputies then used excessive and unreasonable force on KENNEDY. After a strip search, KENNEDY asked Deputy FIELDS for a blanket. Kennedy then attempted to pick up a blanket. In response, FIELDS choked KENNEDY and slammed him to the ground. FIELDS then twisted and fractured KENNEDY'S elbow.

47. As a direct and proximate result of Defendants' negligent actions, KENNEDY sustained injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
(Assault/Battery)
(Against Defendant FIELDS and DOES 1-50)

48. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47 of this Complaint.

49. On February 25, 2017, KENNEDY filmed CITY officers from a safe distance. In response, CITY officers tackled KENNEDY. CITY officers' actions were excessive and unreasonable compared to the threat that KENNEDY posed by filming.

50. On February 26, 2017 at the Solano County Jail, Defendant County Sheriff's Deputy FIELDS, and other unidentified COUNTY Sheriff's deputies intentionally struck KENNEDY with their hands, fists, legs, and knees without any just provocation or cause. KENNEDY simply reached

for a blanket after asking for permission to do so. However, Deputy FIELDS grabbed KENNEDY by the throat and punched him in the face. FIELDS also twisted KENNEDY arm, causing his elbow to fracture. FIELDS actions were excessive and unreasonable compared to the threat that KENNEDY posed by reaching for a blanket.

51. Defendants' conduct was neither privileged nor justified under state statute or common law. As such, defendants' use of excessive force amounts to assault and battery.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### TENTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Against All Defendants)**

52. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 of this Complaint.

53. Defendants knew or should have known their actions would cause KENNEDY emotional distress. Defendants intentionally ignored or recklessly disregarded the foreseeable risk that KENNEDY would suffer extreme emotional distress as a result of their conduct.

54. CITY officers knew KENNEDY had a right to film them. CITY officer also knew they did not have reasonable suspicion to arrest KENNEDY. As such, CITY officers knew, or should have known, that using excessive force to detain KENNEDY would cause him emotion distress. However, CITY officers tackled KENNEDY and arrested him.

55. COUNTY deputies knew that KENNEDY wanted a blanket to cover up. FIELDS knew that KENNEDY was reaching for a blanket. As such, FIELDS knew, or should have known, that using excessive force to prevent KENNEDY from taking the blanket would cause KENNEDY emotion distress. However, FIELDS choked and punched KENNEDY. FIELDS knocked KENNEDY to the ground. Then FIELDS twisted KENNEDY'S arm, causing his elbow to break.

56. As a result of defendants' collective actions, KENNEDY suffered from emotional distress.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For punitive damages in a sum according to proof;

4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5. For injunctive relief as the court deems appropriate including that the policies of Defendant County for policy or policies relevant to authorizing, allowing, or ratifying the practice by its Jail Personnel of being deliberately indifferent to mental/psychiatric/medical health needs of the inmates;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated: November 15, 2019              **LAW OFFICES OF JOHN L. BURRIS**

/s/ *John L. Burris*
John L. Burris, Esq.
Ben Nisenbaum, Esq.
James Cook, Esq.
Attorneys for Plaintiff
MICHAEL DAVID KENNEDY