UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID KENNEDY,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SOLANO, et al.,<br><br>Defendants. | No. 2:19-cv-02311-MCE-DB<br><br>**MEMORANDUM AND ORDER** |

By way of this action, Plaintiff seeks to recover for injuries sustained as a result of his arrest by officers employed by the City of Vallejo ("City Defendants") and his subsequent treatment at the hands of the County of Solano and its employees ("County Defendants"). Presently before the Court are two Motions to Dismiss filed by each set of Defendants. ECF Nos. 13, 32. For the following reasons, those Motions are GRANTED with leave to amend in part and DENIED in part.[1]

///
///
///
///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

1

# BACKGROUND[2]

According to Plaintiff, the claims underlying this complaint initially arose on February 25, 2017, when City of Vallejo police officers arrested him for lawfully protesting the detention of a third party.  Officer William Carpenter initiated Kennedy's arrest, citing Plaintiff's loud verbal protest and filming of the detention of a panhandler and his violation of penal codes prohibiting interference with an officer's duty, along with resisting arrest and battery upon an officer.  Officers Joseph, Tribble, and McLeod purportedly assisted with Plaintiff's physical detention and arrest, which included tackling Plaintiff at some point.  As a result of Plaintiff's conduct, the Solano County District Attorney charged him with violations of California Penal Code Sections 69, 243(b), and 148(a)(1).  The charges, however, were dropped in July 2019.[3]

In the interim, after Plaintiff was arrested on February 26, 2017, at approximately 1:30 a.m., he was transferred and booked into the Solano County Jail.  Plaintiff contends that Solano County Sherriff's Department Correctional Officer Ririe Fields performed a strip search on him.  Upon completion of the strip search, Plaintiff requested a blanket, but Officer Fields allegedly responded by saying, "fuck your blanket."  Plaintiff reached for a blanket anyway, and Fields grabbed him by the throat and pinned him against a glass barrier.  Fields then punched Plaintiff in the face.  An unidentified officer struck Plaintiff in the kidney with his knee, after which Fields performed a leg-sweep on him.  As a result, Plaintiff fell to the floor face-first, dislodging his artificial teeth.  Fields responded by taunting Plaintiff, "I knew that mother-fucker would come out!"  Finally, Fields pulled Plaintiff's arm behind his back until it emitted a loud cracking sound.  Plaintiff was thereafter transported to the hospital where he was diagnosed with a

---

[2] The following facts taken, primarily verbatim, from Plaintiff's First Amended Complaint.

[3] The Court notes that Plaintiff also lodges claims at City of Solano Police Officer Nickolas Sloan.  It appears that this Defendant has not yet been served.  Accordingly, not later than five (5) days following the date this Order is electronically filed, Plaintiff is ordered to show cause in writing as to why Defendant Sloan should not be dismissed.

fractured elbow and a concussion.  He also suffered a black eye and lacerated lip.  Given the foregoing events, Plaintiff was unable to start a new job on February 27, 2017.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief."  Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing Wright &

1  Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to
2  relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their
3  claims across the line from conceivable to plausible, their complaint must be dismissed."
4  Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge
5  that actual proof of those facts is improbable, and 'that a recovery is very remote and
6  unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

7       A court granting a motion to dismiss a complaint must then decide whether to
8  grant leave to amend.  Leave to amend should be "freely given" where there is no
9  "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice
10 to the opposing party by virtue of allowance of the amendment, [or] futility of the
11 amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.
12 Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
13 be considered when deciding whether to grant leave to amend).  Not all of these factors
14 merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .
15 carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,
16 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that
17 "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group,
18 Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,
19 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.
20 1989) ("Leave need not be granted where the amendment of the complaint . . .
21 constitutes an exercise in futility . . . .")).

## ANALYSIS

### A.  County Defendants' Motion to Dismiss

26      The County Defendants argue, among other things, that Plaintiff has failed to
27 state a claim against them as a matter of law because all of his causes of action are
28 barred by the statute of limitations.  The parties agree that the limitations period in this

case is two years.  Defs' Mot., ECF No. 13 at 4, Pl.'s Opp., ECF No. 15, at 4.  Accordingly, since the conduct underlying Plaintiff's Complaint took place in February 2017, and he did not file his complaint until November 2019, unless some exception to the rule applies, his claims against the County Defendants are barred.

Plaintiff contends his delay is excused under California's Government Code, which provides:

> **No person charged by indictment**, information, complaint, or other accusatory pleading **charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged**, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court.
>
> **Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court.**

Cal. Gov. Code  § 945.3 (emphasis added).  Under this provision the statute of limitations would have been tolled during the time Plaintiff was being prosecuted essentially for resisting arrest.  The problem with this argument here, however, is that this statute has no bearing on the claims against the County, which are entirely unrelated to the legality of his arrest by the City.  Stated another way, the determination of whether the County's conduct was lawful is wholly independent of disposition of the criminal charges lodged against Plaintiff.  The statute is therefore not tolled, and Plaintiff's claims are barred.  Accordingly, the County Defendants' Motion to Dismiss is GRANTED with leave to amend.

**B.     City Defendants' Motion to Dismiss**

The City Defendants move for dismissal arguing that: (1) "Plaintiff's seventh 'cause of action' for Fourteenth Amendment violation arising from alleged excessive use of force is really a Fourth Amendment claim"; (2) "[t]he First, Fourth, and Seventh 'causes of action' for violation of the Fourth Amendment arising from alleged excessive use of force against the individual defendants are redundant of one another"; (3) "[a]ny

5

1 and all claims pursuant to 42 U.S.C. section 1983 against . . . Officers Carpenter,
2 Joseph, and McLeod are not sufficiently alleged"; (4) "[a]ll 'Official Capacity' Claims
3 against the individual[] defendants are redundant to the claims against the City";
4 (5) "Plaintiff's Monell claim fails to state sufficient facts"; (6) "[t]he Sixth 'cause of action'
5 Fails to Allege Sufficient facts against [former] Chief Bidou"; and (8) "[a]ll state claims are
6 barred by failure to comply with the California Government Tort Claims Act."  City Defs.'
7 Mot., ECF No. 32, at 2-3.[4]  The Court declines to dismiss any of Plaintiff's claims
8 themselves as redundant or insufficiently pled.  Nor will it strike paragraph 40.  The Court
9 does find, however, that the official capacity allegations against the individual
10 Defendants are redundant of those claims against the City, and they are thus
11 DISMISSED with leave to amend.  In addition, Plaintiff has failed to adequately allege
12 that it complied with the California Government Tort Claims Act as to his state law
13 causes of action, which are accordingly DISMISSED with leave to amend as well.
14
15 **CONCLUSION**
16
17     For the reasons set forth above, Defendants' Motions to Dismiss (ECF Nos. 13,
18 32) are GRANTED with leave to amend in part and DENIED in part.  Not later than
19 twenty (20) days following the date this memorandum and order is electronically filed,
20 Plaintiff may (but is not required to) file an amended complaint.  If no amended complaint
21 is timely filed, this action will be deemed dismissed with prejudice upon no further notice
22 ///
23 ///
24 ///
25 ///
26 ///
27
28     [4] City Defendants also argue that the Monell-type allegations at Paraph 40 should be stricken because they are "not sufficiently similar and/or post-date the incident."  Id.

6

1  to the parties.  In the meantime, not later than five (5) days following the date this Order
2  is electronically filed, Plaintiff is ordered to show cause in writing as to why Defendant
3  Nickolas Sloan should not be dismissed as well.
4      IT IS SO ORDERED.
5  Dated:  August 25, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE